UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CHEMBIO DIAGNOSTIC SYSTEMS, INC.,

                Plaintiff,                                    <u>MEMORANDUM OPINION
                                                                      AND ORDER</u>

            -against-                                        CV 04-1149 (JS) (ETB)

SALIVA DIAGNOSTIC SYSTEMS, INC.,

                Defendant.
-------------------------------------------------------------------------X

       Familiarity with this litigation, and with this Court's July 14, 2006 Memorandum Opinion and Order, is presumed. By way of brief summary, in the July 14, 2006 order I directed plaintiff, Chembio Diagnostic Systems, Inc. ("Chembio") to produce the discovery that defendant Saliva Diagnostic Systems, Inc. ("SDS") moved to compel, including: (1) all FDA files, including trials and evaluations, concerning the Hema Strip and Sure Check HIV products; (2) documents relating to the production of the Hema Strip/Sure Check HIV product; (3) summaries of FDA trials and evaluations and advertising, packaging, etc. for the two products; (4) research and development relating to the Hema Strip/Sure Check HIV product; (5) documents relating to distributors and/or sales representatives for the two products, as well as invoices and customer summaries; and (6) product cost documents. These documents were directed to be produced subject to the terms of a Stipulation and Order governing the exchange of confidential information, signed by both parties and approved by this Court on January 24, 2006.

       On July 28, 2006, plaintiff filed a motion for reconsideration, urging the Court to reconsider the portion of the July 14, 2006 Order compelling production of: (1) Chembio's

1

application to the FDA, including supporting information, evaulations and clinical trials, except to the extent it is directly related to the upper and lower filters of Chemio's device; (2) all chemistry and details relating to Chembio's test strips; (3) Chembio's manufacturing protocols; and (4) the identity of Chembio's barrel vendor, and all communications between Chembio and its other vendors. (Mem. in Supp. of Pl.'s Mot. for Reconsideration of the Mem. Opinion and Order dated July 14, 2006 ("Pl.'s Mem. in Supp.") at 1.) Plaintiff argues that the July 14, 2006 order "overlooked the lack of relevance and necessity of the information in the documents covered by the broad categories" of discovery. (Id. at 9.) In particular, plaintiff contends, as it did at oral argument, that it has already provided discovery relevant to the "frits" (filters) used in the device at issue, and that the discovery conerning the test strip is irrelevant and unnecessary because it exceeds the scope of disputed facts set forth in Judge Seybert's September 27, 2005 Markman order. (Id. at 7, 11-14.) Chembio also argues that the Court overlooked the burden shifting analysis set forth in Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1025 (Fed. Cir. 1986), which states that once a party demonstrates that the subject information is entitled to trade secret status, the burden shifts to the requesting party to demonstrate that the information is relevant and necessary to its case. (Pl.'s Mem. in Supp. at 10.)

Defendant opposes Chembio's motion, contending that Chembio cannot meet the standard for reconsideration, and is instead simply repeating arguments that have been previously rejected by the Court. (Saliva Diagnostic Systems Inc.'s Mem. in Opp'n to Chembio's Mot. for Reconsideration ("Def.'s Mem. in Opp'n") at 4.)

DISCUSSION

A party may move for reconsideration of an order on the basis of "mistake, inadvertence,

surprise, or excusable neglect." Rule 60(b)(1), Fed. R. Civ. P.  Local Rule 6.3 provides that the moving party must outline "the matters or controlling decisions which counsel believes the court has overlooked."   Rule 6.3, Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.  Reconsideration or reargument is merited if the party can "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y.1999). The matters must "reasonably be expected to alter the conclusion reached by the court." Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y.2001). "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." Id.

Here, contrary to Chembio's representations, the Court did not overlook the burden shifting applicable to these circumstances. This standard is set forth clearly on page 12 of the Court's July 14, 2006 order, which states that because Chembio succeeded in demonstrating that the subject information was highly confidential trade secret information, SDS must establish the relevance and necessity of each category of discovery it seeks to compel.  (Memorandum Opinion and Order by Judge Boyle, dated July 14, 2006 ("July 14, 2006 Order"), at 12.) In the subsequent discussion of each category of disovery (i.e., discovery pertaining to method of sample acquisition, discovery pertaining to the test strip, vendor communications, and damages discovery), the Court made an explicit finding that each category of requested discovery was relevant and necessary to SDS's case. (Id. at 13, 14, 16, 19.)

Chembio also argues that the Court overlooked the lack of relevance and necessity of discovery pertaining to its test strips.  The July 14, 2006 order detailed the Court's findings as to

3

the relevance and necessity of the test strip related discovery. Chembio's argument on this point is circular and repetitive, and fails to conform to the requirements of Federal Rule 60(b)(1) and Local Rule 6.3. See Nelson v. Beechwood Organization, No. 03-4441, 2006 WL 488670, at *1-2 (Feb. 23, 2006) (citing In re Houbigant, Inc., 914 F.Supp. 997, 1001 (S.D.N.Y.1996)) ("A party should not use a motion for reconsideration 'to reargue those issues already considered when a party does not like the way the original motion was resolved.'").

Accordingly, because Chembio has failed to show an adequate basis for reconsideration of the Court's July 14, 2006 Memorandum Opinion and Order, Chembio's motion is denied. Ortiz v. City of New York, No. 04-1285, 2006 WL 1876674, at *2 (S.D.N.Y. July 6, 2006) (denying motion for reconsideration where movant failed to point to any controlling decisions or factual matters which the Court overlooked); Nelson, 2006 WL 488670, at *1-2 (same).

SO ORDERED.

Dated: Central Islip, New York
      August 2, 2006

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge